NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 21 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| AYSE SEN, | No. 20-55857 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-01486-JAH-JLB |
| v. | |
| AMAZON.COM, INC., | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Submitted December 14, 2021[**]

Before:    WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Ayse Sen appeals pro se from the district court's summary judgment in her action alleging Lanham Act and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 630 (9th Cir. 2005). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Sen's Lanham Act claims because Sen failed to raise a genuine dispute of material fact as to whether defendant's conduct was likely to confuse consumers about the source of Sen's or her competitors' products. *See Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 936-37 (9th Cir. 2015) (explaining that for keyword advertising Lanham Act infringement claims, including where a plaintiff alleges "initial interest confusion," "the likelihood of confusion will ultimately turn on what the consumer saw on the screen and reasonably believed" and summary judgment "is appropriate if there is clear labeling that avoids likely confusion").

The district court properly granted summary judgment on Sen's tortious interference claim because Sen failed to raise a triable dispute as to whether defendant's "conduct was wrongful by some legal measure other than the fact of interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 950, 953-54 (Cal. 2003) (citation and internal quotation marks omitted) (elements of an intentional interference with prospective economic advantage claim under California law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We reject as meritless Sen's contentions that the district court treated her

unfairly as a pro se litigant and violated her Sixth Amendment rights.

Sen's request for judicial notice, set forth in the opening brief, is denied as unnecessary.

**AFFIRMED.**